UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL RESERVE BANK OF NEW YORK,**<br><br>Plaintiff,<br><br>v.<br><br>**BOROUGH OF EAST RUTHERFORD**<br><br>Defendant. | Civ. No. 2:14-1998 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

  Plaintiff the Federal Reserve Bank of New York (the "New York Fed") challenges a property tax assessment on land it owns in East Rutherford, New Jersey. Defendant the Borough of East Rutherford ("East Rutherford") moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Court lacks jurisdiction or, in the alternative, should abstain from exercising its jurisdiction. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, East Rutherford's motion is **DENIED**.

I.  BACKGROUND

  The Federal Reserve System contains 12 Federal Reserve Banks, including the New York Fed. The New York Fed serves the Second Federal Reserve System, which includes New York state and 12 counties in Northern New Jersey, including Bergen County. The New York Fed operates a satellite facility on two parcels of land in East Rutherford, which is located in Bergen County. The New York Fed owns the land on which its satellite facility sits.

  Because it owns land in East Rutherford, the New York Fed pays property taxes to East Rutherford. To calculate that amount of tax owed, East Rutherford assesses the value of the New York Fed's property. In 2014, East Rutherford assessed the value of the New York Fed's property at roughly $320 million.

  On March 31, 2014, the New York Fed filed a two-count Complaint challenging its property tax assessment. The Complaint grounds subject matter jurisdiction in 12 U.S.C. § 632. Count 1 of the Complaint asserts that East Rutherford's 2014 tax assessment

1

exceeded the true value of the New York Fed's property.  Count 2 of the Complaint asserts that East Rutherford's 2014 tax assessment was "not in accordance with the common level of assessment, or whatever ratio or percentage of full or true value at which other property in [East Rutherford] [were] being assessed."  The New York Fed asserts that this allegedly discriminatory treatment violates its rights under Article 8, Section 1 of the New Jersey Constitution and the Fourteenth Amendment of the United States Constitution.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  While East Rutherford styles its motion as a Rule 12(b)(6) motion, the New York Fed notes that East Rutherford is actually challenging the Court's subject matter jurisdiction.  Subject matter jurisdiction challenges proceed under Rule 12(b)(1).

There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.    DISCUSSION

East Rutherford makes four principal arguments in support of its motion to dismiss.  First, East Rutherford argues that the Court lacks subject matter jurisdiction under 12 U.S.C. § 632.  Second, East Rutherford argues that the Tax Injunction Act, 28 U.S.C. § 1341, divests the Court of any subject matter jurisdiction that it would otherwise have.  Third, East Rutherford argues that the Court should dismiss this case under the doctrine of comity.  Fourth, East Rutherford argues that the Court should abstain from exercising its subject matter jurisdiction.

### A.     The Court Has Subject Matter Jurisdiction Under 12 U.S.C. § 632.

The New York Fed grounds subject matter jurisdiction in 12 U.S.C. § 632 ("Section 632").  Section 632 provides:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632.  East Rutherford argues that subject matter jurisdiction is lacking because this suit is based on a state tax statute, and is therefore not a "suit of a civil nature at common law or equity."  East Rutherford is incorrect: "Section 632 creates federal subject matter jurisdiction over *all* civil actions to which a Federal Reserve Bank is a party, and does *not* exclude civil actions based solely on a state statute."  *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1244 (11th Cir. 2000) (emphasis in original) (exercising subject matter jurisdiction under Section 632 over worker's compensation suit brought against the Federal Reserve Bank of Atlanta); *see also City & County of San Francisco v. Assessment Appeals Bd.*, 122 F.3d 1274, 1277 (9th Cir. 1997) ("[S]ection 632 . . . is written in the broadest possible language and evidences Congress's desire for a federal reserve bank . . . to have unrestricted access to the district courts.") (internal quotations and citations omitted).  Accordingly, because the New York Fed is a party in this civil action, it does not matter whether the New York Fed's claims are grounded in state statutes.  The Court has jurisdiction under Section 632.

### B. The Tax Injunction Act Does Not Divest the Court of Subject Matter Jurisdiction.

East Rutherford next argues that the Tax Injunction Act ("TIA") divests the Court of subject matter jurisdiction over this matter.  This argument fails.

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

In *City & County of San Francisco*, the Ninth Circuit considered a similar set of facts.  The City of San Francisco assessed a property tax against the Federal Reserve Bank of San Francisco.  *City & County of San Francisco*, 122 F.3d at 1275.  The Federal Reserve Bank of San Francisco then appealed the assessment to the San Francisco Assessment Appeals Board, which ruled against the Federal Reserve Bank of San Francisco.  *Id.*  After filing a writ of administrative mandate to set aside the decision, the Federal Reserve Bank of San Francisco then removed the case to federal court under Section 632 and 28 U.S.C.

§ 1441(b). The City of San Francisco moved to remand, citing, among other things, the TIA. The Ninth Circuit held that the TIA did not apply.

The TIA does not apply here for the reasons stated by the Ninth Circuit in *City & County of San Francisco*. First, Section 632 confers subject matter jurisdiction "[n]otwithstanding any other provision of law," including the TIA. *City & County of San Francisco*, 122 F.3d at 1276. Second, courts do not favor repeals by implication. The TIA was passed after Section 632. The TIA does not mention Section 632, nor does it indicate that it applies notwithstanding other laws. To conclude that the TIA negates Section 632, the Court would have to conclude that the TIA implicitly repeals Section 632. "An implied repeal may only be found if there is an irreconcilable conflict between the two federal statutes at issue." *Id.* There is no such irreconcilable conflict here. And third, because the New York Fed is a federal instrumentality, the TIA does not apply pursuant to the "federal instrumentality exception." *Id.* at 1277.

East Rutherford addresses only the third argument. According to East Rutherford, the federal instrumentality exception only applies when a federal instrumentality is immune from *all* state taxation. Because it is undisputed that the New York Fed is subject to state property taxes, East Rutherford argues, the federal instrumentality exception does not apply to the New York Fed. East Rutherford's argument is based on a misreading of *Department of Employment v. United States*, 385 U.S. 355, 357 (1966). Contrary to East Rutherford's reading, *Department of Employment* nowhere states that the federal instrumentality exception applies only where a federal instrumentality is exempt from any and every state tax. On the contrary, the case states that the TIA "does not act as a restriction upon suits by the United States to protect itself and its instrumentalities from unconstitutional state exactions." *Id.* In a more recent case, *Arkansas v. Farm Credit Services of Central Arkansas*, 520 U.S. 821, 824 (1997), the Supreme Court did not limit the federal instrumentality exception to circumstances in which constitutional challenges are raised. It simply stated that the TIA "does not constrain the power of federal courts if the United States sues to protect itself or its instrumentalities from state taxation." *Id.* at 823-24. But even if the federal instrumentality exception is limited to unconstitutional tax exactions, the exception would apply here since the New York Fed is alleging a violation of its Fourteenth Amendment rights.

Finally, East Rutherford argues that the TIA applies here simply because New Jersey tax court will provide a "speedy and efficient remedy" in this case. 28 U.S.C. § 1341. In support of this argument, East Rutherford cites *United States v. County of Nassau*, 79 F. Supp. 2d 190 (E.D.N.Y. 2000), which held that the federal government was not exempt from the TIA just because it brought suit in its own name. *Nassau* recognized, however, that the TIA bar would not apply if the United States was bringing suit to protect a federal instrumentality. Here, the New York Fed, a federal instrumentality is bringing suit to protect itself from state taxation. Accordingly, the TIA does not divest the Court of subject matter jurisdiction.

### C.     The Doctrine of Comity Does Not Warrant Dismissal.

Next, East Rutherford argues that the Court should dismiss this case under the doctrine of comity.  "Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions."  *City & County of San Francisco*, 122 F.3d at 1277 (citing *Freehold Cogeneration Assocs. v. Board of Regulatory Comm'rs*, 44 F.3d 1178, 1187 n.6 (3d Cir. 1995)).  Often, comity leads federal courts to decline jurisdiction over state tax matters.  *See, e.g.*, *Fair Assessment in Real Estate Ass'n., Inc. v. McNary*, 454 U.S. 100 (1981).  However, "where important federal interests are at stake . . ., comity yields."  *Id.* at 1277-78 (quoting *United States v. Gillock*, 445 U.S. 360, 373 (1980)).  Under Section 632, there is a federal interest in hearing the Federal Reserve's civil cases in federal court.  *Id.*  Accordingly, the Court will not dismiss this case on the basis of comity.

### D.     The Court Will Not Abstain From Exercising Its Jurisdiction.

Finally, East Rutherford argues that the Court should abstain from exercising its jurisdiction under general principles of abstention, and also under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 29 (1959).

"[A]bstention rarely should be invoked."  *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992).  Abstention is proper "in a few carefully defined situations."  *Gwynedd Properties, Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1199 (3d Cir. 1992).  One such situation was presented in *Burford*.  In *Burford*, a company challenged a drilling permit issued by the Texas Railroad Commission (the "Commission").  The Supreme Court held that abstention was proper because Texas had created an "elaborate review system for dealing with the geological complexities of oil and gas fields," and because federal court review of the Commission's order would "have had an impermissibly disruptive effect on state policy for the management of those fields."  *National City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011) (internal quotations and citations omitted).

Abstention under *Burford* "is concerned with protecting complex state administrative processes from undue federal interference."  *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989).  "The purpose of *Burford* is to avoid federal intrusion into matters of local concern and which are within the special competence of local courts."  *Baykeeper v. NL Industries*, 660 F.3d 686, 693 (3d Cir. 2011) (quoting *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303-04 (3d Cir. 2004)). Notably, neither the federal government nor a federal instrumentality was a party in *Burford*.  Moreover, the Court had subject matter jurisdiction in *Burford* under diversity jurisdiction, 28 U.S.C. § 1332, not under Section 632.

The Third Circuit instructs courts to apply a "two-step analysis" in determining whether abstention is proper under *Burford*. First, courts asks "whether timely and adequate state-court review is available." *Id.* (quoting *Riley v. Simmons*, 45 F.3d 764, 771 (3d Cir. 1995). If the answer is yes, then courts ask whether "the case before it involves difficult questions of state law impacting on the state's public policy or whether the district court's exercise of jurisdiction would have a disruptive effect on the state's efforts to establish a coherent public policy on a matter of important state concern." *Id.* (quoting *Riley*, 45 F.3d at 771). Similarly, abstention is proper under *Thibodaux* where a case raises issues "'intimately involved with [the states'] sovereign prerogative,' the proper adjudication of which might be impaired by unsettled questions of state law." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996) (quoting *Thibodaux*, 360 U.S. at 28).

Here, there is no real dispute about whether the New York Fed can get a timely and adequate state review of its property tax assessment. *See* East Rutherford's Br. at 26-28, ECF No. 6-1. The real question is whether this case involves difficult questions of state law or whether exercising jurisdiction would disrupt state efforts to establish a coherent public policy. The answer is no. It does not appear that deciding whether the New York Fed's tax assessment was too high or whether East Rutherford discriminated against the New York Fed involves particularly difficult or unsettled questions of state law. Nor does it appear that adjudicating the tax assessment of a single entity will be so disruptive as to interfere with the coherence of state tax policy. Accordingly, the Court will decline to abstain from exercising its jurisdiction in this matter.

## IV.  CONCLUSION

For the reasons set forth above, East Rutherford's motion to dismiss is **DENIED**.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 25, 2014**